# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOBARDO GARCIA MONTOYA<br>Inmate Booking #7738300<br><br>                                      Plaintiffs,<br><br>vs.<br><br>MANUEL LUIS RAMIREZ,<br><br>                                      Defendant. | Civil No.   07-2282 DMS (BLM)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING CASE WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(a); and**<br><br>**(2) DENYING MOTION TO APPEAL AND REVERSE ORDER FOR TRANSFER OF VENUE**<br><br>**[Doc. Nos. 2, 6]** |

Plaintiff Leobardo Garcia Montoya, currently incarcerated at the George Bailey Detention Facility in San Diego, California and proceeding pro se, along with Plaintiff Q. Gates Diaz Nguyen, originally filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 in the Eastern District of California. In addition, Plaintiff Montoya has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

////

After filing the Complaint in the Eastern District of California, Magistrate Judge John F. Moulds determined that claims in Plaintiff's Complaint arose in San Diego County and therefore, venue was proper in the Southern District of California. Accordingly, Magistrate Judge Moulds ordered the matter transferred to the Southern District on November 28, 2007. However, after the matter was transferred to the Southern District, Plaintiff filed a "Motion to Appeal and Reverse Order for Transfer of Venue" [Doc. No. 6].

**I.     Motion to Proceed IFP**

Effective April 9, 2006, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

Prisoners seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint...." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *see also Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002). Thereafter, the institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

While Plaintiff has filed a Motion to Proceed IFP in this matter pursuant to 28 U.S.C. § 1915(a), he has not attached a certified copy of his prison trust account statement for the 6-

month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2. Section 1915(a)(2) clearly mandates that prisoners "seeking to bring a civil action ...without prepayment of fees ... *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).

Without Plaintiff's trust account statement, the Court is simply unable to assess the appropriate amount of the filing fee required to initiate this action. *See* 28 U.S.C. § 1915(b)(1). Therefore, Plaintiff's Motion to Proceed IFP [Doc. No. 2] must be DENIED.

## II.     Plaintiff's Representation

It appears from the face of Plaintiff's Complaint that he is seeking to represent an additional Plaintiff identified as "Q. Gates Diaz Nguyen." There is no other information with regard to Plaintiff Nguyen. In addition, Plaintiff Nguyen did not file a Motion to Proceed *IFP*. To the extent that Plaintiff Montoya seeks to represent Nguyen, he has no standing, for pro se litigants have no authority to represent the interests of anyone other than themselves. *Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party.... A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered some threatened or actual injury.") (quotations and citation omitted); *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *see also C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (holding that while a nonattorney may represent himself, he has no authority to appear as an attorney for others). Thus, the Court **DISMISSES** Plaintiff Nguyen from this action for failing to file a Motion to Proceed *IFP*.

## III.    Plaintiff's Motion to Appeal and Reverse Order for Transfer of Venue

Plaintiff seeks an Order from this Court transferring the matter back to the Eastern District of California because, in part, "Defendant has more hidden properties [in] Sacramento than San Diego." Pl.'s Mot. at 1.

////

////

Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district in or division in which it could have been brought." 28 U.S.C. § 1406(a). While Plaintiff claims that Defendant has assets in the Eastern District, Plaintiff is currently incarcerated in San Diego and thus, it would appear that the majority of his claims arose in the Southern District of California. Accordingly, Plaintiff's "Motion to Appeal and Reverse Order for Transfer of Venue" is DENIED [Doc. No. 6].

**IV. Conclusion and Order**

Good cause appearing, **IT IS HEREBY ORDERED** that:

(1) Plaintiff Nguyen is **DISMISSED** from this action for failing to pay the initial civil filing fee or move to proceed IFP;

(2) Plaintiff's Motion to Appeal and Reverse Order for Transfer of Venue" is DENIED [Doc. No. 6];

**IT IS FURTHER ORDERED** that:

(3) Plaintiff's Motion to Proceed IFP [Doc. No. 2] is **DENIED**.

(4) This action is **DISMISSED** without prejudice for failure to prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a), and for failure to successfully move to proceed IFP pursuant to 28 U.S.C. § 1915(a).

////

(4)  Plaintiff if **GRANTED** forty five (45) days from the date this Order is Filed to either: (1) pay the entire $350 filing fee, **or** (2) file a new Motion to Proceed IFP, *which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2(b).

(5)  The Clerk of the Court shall provide Plaintiff with a Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" in this matter. If Plaintiff neither pays the $350 filing fee in full nor sufficiently completes and files the attached Motion to Proceed IFP, together with a certified copy of his prison trust account statement within 45 days, this action shall remained closed without further Order of the Court.

**IT IS SO ORDERED.**

DATED: January 7, 2008

_____
HON. DANA M. SABRAW
United States District Judge